IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL ROBERT COFFIN,

        Petitioner,                  No. CIV S-10-0026 JAM EFB P

   vs.

EVANS,

        Respondent.          ORDER

_____/

      Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. He proceeds on his December 31, 2009 petition. Respondent moves to dismiss on the ground that the petition is untimely. Petitioner opposes, asserting that he is entitled to statutory and equitable tolling of the statute of limitations. Petitioner also seeks an evidentiary hearing, leave to conduct discovery, and the appointment of counsel. Dckt. Nos. 18, 19. For the reasons explained below, the court finds that petitioner is entitled to discovery on his equitable tolling claims and denies respondent's motion to dismiss without prejudice to renewal after discovery is complete.

**I.    Procedural History**

      Petitioner was convicted of voluntary manslaughter and personal use of a firearm in 2005. Dckt. No. 1, Pet. at 1. On August 11, 2006, the California Court of Appeal, Third

1

1 Appellate District, affirmed the judgment.  Lodg. Doc. 2.  On October 25, 2006, the California
2 Supreme Court denied review.¹  Lodg. Doc. 4.

3      Petitioner filed three state habeas petitions.  The first was filed on January 18, 2008, in
4 Tehama Superior Court, and was denied on April 28, 2008.  Lodg. Docs. 5-6.  The second was
5 filed on July 2, 2008, in the California Court of Appeal, Third Appellate District, and was denied
6 on July 24, 2008.  Lodg. Docs. 7-8.  The third petition was filed on December 24, 2008, in
7 California Supreme Court, and was denied on November 10, 2009.  Lodg. Docs. 9-10.

8      The instant petition was filed on December 31, 2009.  Dckt. No. 1.

9 **II.     Statute of Limitations**

10      A one-year limitations period for seeking federal habeas relief begins to run from the
11 latest of the date the judgment became final on direct review, the date on which a state-created
12 impediment to filing is removed, the date the United States Supreme Court makes a new rule
13 retroactively applicable to cases on collateral review or the date on which the factual predicate of
14 a claim could have been discovered through the exercise of due diligence.  28 U.S.C.
15 § 2244(d)(1).

16     **A.     Statutory Tolling**

17      There is no statutory tolling of the limitations period "from the time a final decision is
18 issued on direct state appeal [to] the time the first state collateral challenge is filed . . . ."  *Nino v.*
19 *Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  However, once a petitioner properly files a state
20 post-conviction application the period is tolled, and remains tolled for the entire time that
21 application is "pending."  28 U.S.C. § 2244(d)(2).  "[A]n application is '*properly* filed' when its
22 delivery and acceptance are in compliance with the applicable laws and rules governing filings."
23 *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  In California, a properly filed post-conviction application

---

25    ¹ Petitioner and respondent disagree as to the date on which the California Supreme Court
26 denied the petition for review.  The court relies on the date on the California Appellate Courts'
website – October 25, 2006.

is "pending" during the intervals between a lower court decision and filing a new petition in a higher court if the second petition was filed within a "reasonable time" after the denial of the first. *Carey v. Saffold*, 536 U.S. 214, 223 (2002). Generally, a gap of 30 to 60 days between state petitions is considered a "reasonable time" during which the statute of limitations is tolled, but six months is not reasonable. *Evans*, 546 U.S. at 210 (using 30 to 60 days as general measurement for reasonableness based on other states' rules governing time to appeal to the state supreme court); *Saffold*, 536 U.S. at 219 (same); *Waldrip v. Hall*, 548 F.3d 729, 731 (9th Cir. 2008) (finding that six months between successive filings was not a "reasonable time").

**B.     Equitable Tolling**

The limitations period may also be equitably tolled where a habeas petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In light of *Pace*, the Ninth Circuit has reiterated that the threshold necessary to trigger equitable tolling is very high, and clarified that equitable tolling only applies where a petitioner shows that despite diligently pursuing his rights, some external force *caused* the untimeliness. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Petitioner has the burden of showing facts entitling him to statutory and equitable tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

**III.    Analysis**

**A.     Start Date of the Limitations Period**

Here, the statute of limitations began to run when petitioner's conviction became final on direct review. *See* 28 U.S.C. § 2244(d)(1)(A). The California Supreme Court denied review on October 25, 2006. Lodg. Doc. 3. The conviction became "final" within the meaning of section 2244(d)(1)(A) when the time for filing a petition for writ of certiorari expired ninety days later, on January 23, 2007. Supreme Ct. R. 13; *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).
////

The one-year limitations period commenced running the following day, January 24, 2007 and expired on January 23, 2008. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner did not file the instant petition until December 31, 2009, 708 days after the one-year limitations period expired. Absent tolling, his application in this court is untimely.

Petitioner argues that the limitations period did not begin running in his case until July 5, 2007. Pet'r's Opp'n to Mot. ("Opp'n") at 3-4. Under section 2244(d)(1)(D), the statute of limitations commences on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." According to petitioner, after *Cunningham v. California*, 549 U.S. 270 (2007) was decided, he "wondered whether he could raise a *Cunningham* claim . . . but he was uncertain because he didn't have his [trial court] transcripts."[2] Opp'n at 3. Petitioner relies on *Hasan v. Galaza*, 254 F.3d 1150 (9th Cir. 2001) to support his argument that the date the limitations period began to run is the date he received his trial court transcripts from his attorney (on or about July 5, 2007), rather than the date the judgment became final, because upon receiving his transcripts petitioner "became aware of the particular facts in the transcripts that actually allowed him to assert his *Cunningham* claims." *Id.* at 4. He argues that without the information in the transcripts "it was impossible for him to remember all of the testimony, motions, objections, rulings, factual findings, and other events that might have given rise to a *Cunningham* claim." *Id.* at 3.

Petitioner's reliance on *Hasan* is misplaced. In *Hasan*, the court held that the one-year clock begins to run "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Hasan*, 254 F.3d at 1154 n. 3 (quoting *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)). Here, petitioner was represented by counsel at the sentencing hearing where he alleges that the sentencing judge violated *Cunningham* by imposing an upper term sentence based on facts that were not submitted

---

[2] The United States Supreme Court decided *Cunningham v. California* on January 22, 2007.

to a jury and proven beyond a reasonable doubt. Lodg. Docs. 7 at 2. That petitioner may not have been aware of the legal significance of the circumstances surrounding his sentence at the time he was actually sentenced is irrelevant. Petitioner does not allege that he did not understand his sentence, that counsel failed to explain the sentence to him or that he was absent from the hearing. *See* Opp'n. Furthermore, petitioner alleges that he began to think "it was possible" to bring a *Cunningham* claim before he received his transcripts, which implies that he was indeed aware of the predicate facts at that time. *Id.* at 3. Therefore, petitioner knew, or should have known, at the time of the sentencing hearing what factors the sentencing judge relied upon in imposing the upper term on him. Section 2244(d)(1)(D) does not provide petitioner with a basis for a later start date to the one-year statute of limitations.

### B. Statutory Tolling

As mentioned above, the one-year limitations period is tolled during the pendency of properly-filed state habeas petitions. 28 U.S.C. § 2244(d)(2). Under *Chavis* and *Saffold*, the gap between two successive California state habeas petitions is tolled only where the second petition was filed within a "reasonable time" after the denial of the first. 546 U.S. at 197, 536 U.S. at 225.

#### 1. April 28, 2008 to July 2, 2008

Here, petitioner filed his first state habeas petition on January 18, 2008, in Tehama County Superior Court. Sixty-five days passed between the denial of the that state habeas petition and the filing of the second state habeas petition in the California Court of Appeal. This period is not unreasonable given that after the unsuccessful petition to the Superior Court, petitioner's attorney refined and augmented the claims in his petition to the Court of Appeal. *See* Lodg. Docs 5, 7; *Warburton v. Walker*, 548 F. Supp.2d 835, 840 (C.D. Cal. 2008) (sixty-nine day delay reasonable because petitioner amended petition before filing in Court of Appeal); *Stowers v. Evans*, 2006 WL 829140, *3 (E.D. Cal. Mar. 29, 2006) (eighty-seven day delay not unreasonable because second petition was substantially re-written). Sixty-five days is also far

5

less than the six-month period of unexplained delay that the Supreme Court in *Chavis* found to be unreasonable and is considerably less than the unexplained delays of 101, 115, and 146 days found by the Ninth Circuit to be unreasonable in *Chaffer* and *Banjo*. *Chavis*, 546 U.S. at 201; *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010); *Banjo v. Ayers*, 614 F.3d 964, 970 (9th Cir. 2010). Furthermore, a mere sixty-five day delay in filing at the next highest state court is not "substantially longer than the 30 to 60 days that most States allow for filing petitions." *Chaffer*, 592 F.3d at 1048; *Reddick v. Felker*, 2008 WL 4754812, *3 (E.D. Cal. Oct. 29, 2008) (sixty-four day delay not "substantially" greater than sixty days). Thus, petitioner is entitled to tolling of the statute of limitations for the sixty-five days between the Superior Court's denial of his first state habeas petition and the filing of the subsequent petition in the California Court of Appeal.

### 2. July 24, 2008 to December 24, 2008

After the California Court of Appeal denied petitioner's second petition on July 24, 2008, 153 days passed before petitioner's counsel filed a seemingly identical third petition to the California Supreme Court on December 24, 2008.[3] As mentioned above, an unreasonable delay in seeking review of a habeas petition on the same claims deprives a petitioner of statutory tolling. Whether petitioner is entitled to statutory tolling for the 153-day delay depends on whether petitioner can explain and justify the significant delay. *King v. Lamarque*, 455 F.3d 1040, 1043 (9th Cir. 2006) (California courts require habeas petitioners to "explain and justify any significant delay in seeking habeas relief."). Petitioner does not know, however, the cause of the 153-day delay and seeks discovery to resolve the question of whether he is entitled to statutory tolling for this period of time. Opp'n at 15, n.5.

---

[3] The differences between the second petition and third petition are minimal. For example, in the third petition, counsel added two sentences noting the dates on which the second petition was filed and denied. *Compare* Lodg. Doc. 9 at 4 *with* Lodg. Doc. 7 at 4. Also, though both petitions contain an identical statement of facts, the citations to the sentencing hearing transcript were changed in the third petition. *Compare* Lodg. Doc. 9 at 5-6 *with* Lodg. Doc. 7 at 5-6.

6

Although petitioners are not entitled to discovery in habeas cases, discovery is available for good cause. Rule 6, Federal Rules Governing Section 2254 Cases ("A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery").[4] Here, petitioner seeks discovery for a specific purpose – to learn why his counsel waited 153 days to file a nearly identical third petition before the California Supreme Court. Discovery may lead petitioner to facts supporting entitlement to tolling for the 153-day delay. *See Richardson v. Cate*, 2010 WL 1486476, *2 (N.D. Cal. Apr. 13, 2010) (where petitioner's counsel's father-in-law passed away which required counsel to undertake duties as a trustee to carry out his father-in-law's complicated estate plan and counsel underwent a knee surgery which required extensive rehabilitation and distracted him from his law practice, 135-day delay deemed reasonable); *Skoor v. Tilton*, 2008 WL 152144, *19 (S.D. Cal. Jan. 16, 2008) (where petitioner's counsel had to review database of approximately 7000 cases and refine the data to present a clear showing of prejudice to appellate court, eighty-seven day delay deemed neither unjustified nor unexplained). Good cause appearing, petitioner's motion for discovery is granted as to this issue.

C. **Equitable Tolling**

As provided above, to toll the federal habeas limitations period for equitable reasons, the petitioner must show that: (1) he has been pursuing his rights diligently, and (2) some external extraordinary circumstance stood in his way and caused the untimeliness. In analyzing whether a petitioner has met this burden, the court views the facts alleged in the petition and facts supported by petitioner's other documentary submissions in the light most favorable to petitioner. *Porter v. Ollison*, 620 F.3d 952, 956 n. 4 (9th Cir. 2010).

---

[4] Petitioner has not submitted proposed interrogatories, requests for admission or requests for production of documents. *See* Rule 6(b) Federal Rules Governing Section 2254 Cases. In the interests of efficiency, the court grants petitioner's motion despite this technical deficiency but petitioner is admonished that the discovery permitted is limited to the reasons for and circumstances surrounding his former counsel's delay of 153 days in filing the petition with the California Supreme Court.

7

### 1. January 23, 2007 to July 5, 2007

Petitioner contends that he is entitled to equitable tolling of the 163-day period of time after his conviction became final on direct review, January 23, 2007, and before he was notified by his attorney that the California Supreme Court had denied review and he received his trial transcripts, about July 5, 2007. Opp'n at 5.

Petitioner contends that he is entitled to equitable tolling for this period because his appointed appellate attorney did not tell him that his petition for review had been denied. *Id*. Petitioner writes:

> My Petition for Review was denied by the California Supreme Court on 10/27/06, but I did not receive notification of the denial from the Supreme Court. I had absolutely no knowledge of the conclusion of my direct appeal in the California state court system.[5]
>
> I relied on my appointed appellate attorney, Richard D. Miggins, to comply with state and federal timeliness rules. But this legal representative – through no fault of my own – failed to promptly notify me that my Petition for Review had been denied by the California Supreme Court. Consequently, I presumed that my Petition for Review was still pending.
>
> My appellate attorney also failed to promptly deliver the clerk's and report's transcripts to me, which made it impossible for me to prepare and file a state habeas petition.
> ...
>
> In or about the first week of May 2007, I sent a letter to Richard Miggins, in which I asked for an update on my Petition for Review.
>
> On 6/28/07, Richard Miggins sent me my clerk's and reporter's transcripts, and a letter in which he apologized for failing to promptly notify me that the Supreme Court had denied my Petition for Review.... I received the letter and the transcripts on or about 7/5/07.

Opp'n, Michael Coffin Decl. at ¶¶ 4-6, 9, 10. Petitioner attaches a letter from Mr. Miggins, dated June 28, 2007, in which Mr. Miggins admits that he did not timely inform petitioner that his petition had been denied by the California Supreme Court and also failed to send petitioner his trial transcripts sooner because of an "oversight." Opp'n, Ex. D.

////

---

[5] The California Supreme Court denied the petition on October 25, 2006, not October 27, 2006 as petitioner claims. *See* Lodg. Doc. 4.

"[A] prisoner's lack of knowledge that the state courts have reached a final resolution of his case can provide grounds for equitable tolling if the prisoner has acted diligently in the matter. *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009). For the alleged lack of notice to provide a basis for equitable tolling, petitioner must show (1) the date he actually received notice; (2) that he acted diligently to obtain notice; and (3) that the delay in receiving notice caused the untimeliness of his filing. *Id.* at 998. Petitioner has satisfied this burden.

Although he is not certain of the date, petitioner believes he received the June 28, 2007 letter from Mr. Miggins, informing him that the California Supreme Court denied his petition for review, on July 5, 2007. Petitioner's diligence is demonstrated by his unsuccessful attempts to contact Mr. Miggins by making collect calls to him and ultimately inquiring of the status of his petition, in May 2007, by letter. Petitioner was unable to "simply check[] online himself, at the state court website, to determine the status of his petition for review," Dckt. No. 21 at 3 n. 2, as respondent offers, because California inmates are not permitted access to computers that are connected to the internet. Cal. Code Regs. Tit. 15, § 3041.3(b); Dckt. No. 26 at 3. Finally, that petitioner waited until July 5, 2007 to begin working on his federal habeas petition is attributable to Mr. Miggins' "oversight" and failure to inform petitioner that his petition for review was denied and his conviction was made "final" within the meaning of the statute of limitations. Petitioner is entitled to equitable tolling for the 163-day period from January 23, 2007 until July 5, 2007, while petitioner was waiting to learn the status of his case.[6] *Elmore v. Knowles*, 2007 WL 2275169, *5 (E.D. Cal. Aug. 7, 2007) (petitioner entitled to equitable tolling where there was not an unequivocal statement from attorney that attorney notified petitioner of supreme court decision).

---

[6] Petitioner also contends that he is entitled to equitable tolling for this period of time because he did not receive his transcripts from Mr. Miggins until July 5, 2007. However, as explained below, because petitioner is entitled to equitable tolling on alternative grounds, this argument need not be addressed.

9

### 2. July 5, 2007 to January 18, 2008

Petitioner contends that he is entitled to equitable tolling for some of the 197-day period between the day that he learned the California Supreme Court denied his petition for review and the day he filed his first state habeas petition. Opp'n at 9-11. Petitioner explains that during this time he was incarcerated at the California Correctional Center, which, petitioner claims, was on emergency lockdown status approximately fifty percent of the time. *Id.* at 10. He claims that during the lockdowns, inmates were permitted access to the law library only if they could demonstrate a court-ordered deadline. *Id.* at 11. Prison officials, he claims, refused him access even after he repeatedly informed them that he was under section 2244(d)(1)'s one-year deadline. *Id.* Because of the lockdowns, petitioner estimates he gained access to the law library six to eight times during this time period and for only two hours each time. *Id.* Petitioner further alleges that during this time period he "had a difficult time accessing the law library" because his prison job coincided with the open hours of the library. *Id.*, Ex. A, ¶ 2. He also claims that he "was subject to library cancellations due to emergency court procedures, contraband searches, on the job training of correctional staff, and library staff or correctional staff absences." *Id.* Petitioner alleges that these were frequent occurrences. *Id.* Petitioner also contends that after July 5, 2007, when he received his trial records and began researching his *Cunningham* claim, a "flurry of *Cunningham*-based litigation occurred in California" and although he diligently tried to "keep abreast" of how the new decisions affected his case, the combination of limited access to the law library and quickly evolving legal precedents "significantly impair[ed] his legal research" efforts.[7] Opp'n at 11-12. Eventually, petitioner contacted attorney C. Todd Bottke, who prepared and filed a petition on petitioner's behalf. *Id.* at 12. Petitioner contends he is

---

[7] Petitioner cites *People v. Sandoval*, 41 Cal. 4th 825 (2007), *People v. Black*, 41 Cal. 4th 799 (2007), *People v. Cardenas*, 155 Cal. App. 4th 1468 (2007), *People v. Landaverde*, 157 Cal. App. 4th 28 (2007), and *People v. Lincoln*, 157 Cal. App. 4th 196 (2007). Opp'n at 11. These cases all involve imposition of an upper term sentence based on court-determined factors rather than jury-determined factors. These cases were decided between July 19, 2007 and November 27, 2007.

10

entitled to an evidentiary hearing to determine whether the statute of limitations should be tolled for some portions of this time period. *Id.* at 12.

"In this circuit, equitable tolling of the filing deadline for a habeas petition is available only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. In addition, when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may be appropriate." *Lott v. Mueller*, 304 F.3d 918, 922 (9th Cir. 2002) (internal citations omitted). A petitioner must also show that his untimeliness was caused by an external impediment and not by his own lack of diligence. *Bryant v. Ariz. Attorney Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007). The equitable tolling inquiry is a "fact-specific" one. *See, e.g.*, *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

The reasons which petitioner argues entitle him to equitable tolling (limited library access, prison lockdowns, evolving legal precedent) are certainly not always grounds for equitable tolling. *See, e.g.*, *Fuller v. Felker*, 393 Fed. App'x. 477, 477 (9th Cir. 2010) (petitioner's lack of access to the law library, per se, was not an extraordinary circumstance that might have caused untimeliness); *Norwood v. Lockyer*, 390 Fed. App'x. 762, 763 (9th Cir. 2010) (limited law library access, being moved to different cells, temporary lockdowns do not show circumstances that are out of the ordinary for prison life or that would have made it "impossible" to file on time); *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) ("Ordinary prison limitations on [petitioner's] access to the law library and copier . . . were neither extraordinary nor made it impossible for him to file his petitioner in a timely manner."); *Frye v. Hickman,* 273 F.3d 1144, 1146 (9th Cir. 2001) (rejecting argument that lack of access to library materials automatically qualified as grounds for equitable tolling).

Without a record, however, the undersigned is unable to make the fact-specific decision whether external forces beyond petitioner's control prevented him from timely filing his federal petition, and without the discovery he seeks petitioner is in no position to be able to provide that

1 record. Petitioner approximates that the prison was on lockdown fifty percent of the time and
2 also that he was permitted access to the law library only six to eight times between July 2007 and
3 January 2008 for a mere two hours on each occasion, during which time he had to contend with
4 an evolving body of case law regarding *Cunningham* claims. Opp'n at 11. Although petitioner
5 argues an evidentiary hearing is needed to develop his argument that he is entitled to some
6 equitable tolling for this period of time, discovery may obviate the need. *Williams v. Woodford*,
7 384 F.3d 567, 590 (9th Cir. 2004) (it is within the district court's discretion to permit discovery
8 rather than an evidentiary hearing). Thus, petitioner must be permitted to conduct discovery to
9 gather facts to resolve whether he is entitled to equitable tolling for the period from July 5, 2007
10 to January 18, 2008. *See* Rule 6, Federal Rules Governing Section 2254 Cases ("A judge may,
11 for good cause, authorize a party to conduct discovery under the Federal Rules of Civil
12 Procedure and may limit the extent of discovery").

### 3. **November 19, 2009 to December 4, 2009**

Petitioner also alleges that he is entitled to equitable tolling for 15 days from November 19, 2009 to December 4, 2009 based on deprivation of his legal papers. Petitioner states that on November 13, 2009, he was transferred from California Correctional Center to Folsom State Prison and was not permitted to take any of his belongings, including his legal papers and a sheet of paper on which he wrote down attorney Bottke's mailing address. *Id.* Petitioner claims that he intended to write to Bottke to inform him that petitioner had been transferred to another prison and had a new mailing address. *Id.* Because he was not permitted to keep Bottke's mailing address, petitioner contends that he was unable to inform Bottke of his transfer and consequently, when the California Supreme Court denied petitioner's state petition, on November 16, 2009 Bottke mailed petitioner a letter of notification to California Correctional Center rather than Folsom State Prison. *Id.* Petitioner contends that Bottke's letter was then traveling through the correctional system until he finally received it on November 26, 2009. He also contends that his legal papers were not returned to him until December 4, 2009. *Id.*

Petitioner alleges that he would have received Bottke's letter (mailed on November 16, 2009) on November 19, 2009 and if he was not deprived of his legal papers until December 4, 2009, would have been working to prepare and file a federal habeas petition. *Id.* at 13-14. For this reason, petitioner contends he is entitled to equitable tolling for the time between November 19, 2009 and December 4, 2009. *Id*. at 12.

Whether equitable tolling is warranted for lack of access to a petitioner's legal file depends on whether the lack of access made timely filing impossible despite petitioner's diligent pursuit of his rights. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1027-28 (9th Cir. 2005). Thus, the period of time from November 19, 2009 to December 4, 2009 will not become relevant unless petitioner is entitled to some equitable tolling for the July 5, 2007 to January 18, 2008 and July 24, 2008 to December 24, 2008 periods. The court therefore makes no finding regarding the November 19, 2009 to December 4, 2009 period.

### D. Motion for Appointment of Counsel

Petitioner has requested that the court appoint counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). The court may appoint counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A; *see also*, Rule 8(c), Rules Governing Section 2254 Cases. The court does not find that the interests of justice would be served by the appointment of counsel at this stage of the proceedings.

### IV. Conclusion

Petitioner's conviction became final on January 23, 2007 and 1073 days passed before petitioner filed a federal habeas petition. He is entitled to statutory and equitable tolling for the following periods: (1) 163 days from January 23, 2007 to July 5, 2007; (2) 101 days from January 18, 2008 to April 28, 2008 while a petition was pending before the Tehama Superior Court; (3) 65 days from April 28, 2008 to July 2, 2008, as explained above; (4) 22 days from July 2, 2008 to July 24, 2008 while a petition was pending before the California Court of

Appeals; and (5) 321 days from December 24, 2008 to November 10, 2009 while a petition was pending before the California Supreme Court. Considering these periods of tolling, 401 days passed from the day the one-year limitations began to run before petitioner filed a federal habeas petition. The petition was thus filed 36 days after the one-year statute of limitations expired.

Good cause appearing, petitioner is allowed to conduct discovery to determine whether he is entitled to equitable tolling during the time periods of July 5, 2007 to January 18, 2008 and July 24, 2008 to December 24, 2008.

Accordingly, it is hereby ORDERED that:

1. Petitioner's motion for leave to conduct discovery is granted for the limited purpose of determining whether petitioner is entitled to equitable tolling during the time periods of July 5, 2007 to January 18, 2008 and July 24, 2008 to December 24, 2008. Petitioner shall serve his discovery requests no later than 60 days from the date of this order. Any motions to compel discovery shall be filed no later than 120 days from the date of this order.

2. Petitioner's request for an evidentiary hearing is denied without prejudice to renewal after the completion of discovery. Dckt. No. 18.

3. Respondent's motion to dismiss is denied without prejudice to renewal after the completion of discovery. *See* Dckt. No. 15.

4. Petitioner's motion for appointment of counsel is denied without prejudice. *See* Dckt. No. 19.

DATED: August 22, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

14