IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL ROBERT COFFIN,

    Petitioner,                    No. 2:10-cv-0026 JAM EFB P

vs.

MATTHEW CATE,

    Respondent.                 FINDINGS AND RECOMMENDATIONS

_____/

      Petitioner is a state prisoner with counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The action proceeds on the December 31, 2009 petition. Dckt. No. 1. Respondent's motion to dismiss was before the court for hearing on June 10, 2012. Carolyn Wiggin and David Porter of the Officer of the Federal Defender appeared on behalf of petitioner, and David Eldrige of the California Attorney General's Office appeared for respondent. After careful consideration of the moving and opposing papers and the arguments of counsel, and for the reasons explained below, the court finds that respondent's motion to dismiss must be denied.

////

////

////

////

1

## I. Procedural History

Petitioner was convicted of voluntary manslaughter and personal use of a firearm in 2005. Dckt. No. 1 at 1.[1] Petitioner appealed and the California Court of Appeal affirmed the judgment. Documents Lodged ISO Resp.'s Mot. to Dismiss (hereinafter "Lodg. Doc."), No. 2. Petitioner filed a petition for review in the California Supreme Court, which denied the petition on October 25, 2006. Lodg. Docs. 3, 4.

Petitioner subsequently filed three state habeas petitions challenging his conviction. The first was filed in the Tehama County Superior Court on January 18, 2008, and was denied on April 28, 2008. Lodg. Docs. 5, 6. The second was filed on July 2, 2008, in the California Court of Appeal, Third Appellate District, and was denied on July 24, 2008. Lodg. Docs. 7, 8. Petitioner's third and last state habeas petition was filed on December 24, 2008, in the California Supreme Court, and was denied on November 10, 2009. Lodg. Docs. 9, 10.

The instant petition was filed on December 31, 2009. Dckt. No. 1. On September 24, 2010, respondent moved to dismiss the petition on the ground that it was untimely filed. Dckt. No. 15. In an order issued on August 22, 2011 (hereinafter "Prior Order"), the undersigned found that discovery was necessary to determine whether the petition was timely, and respondent's motion was therefore denied without prejudice. Dckt. No. 29. After completing discovery, respondent filed a renewed motion to dismiss, again arguing that the petition should be dismissed because it was filed outside the one-year statute of limitation. Dckt. No. 36.

## II. Statute of Limitations

A one-year limitations period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of

---

[1] The page numbers cited herein refer to those assigned by the court's electronic docketing system and not those assigned by the parties.

2

a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

### A. Statutory Tolling

There is no statutory tolling of the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed . . . ." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). However, once a petitioner properly files a state post-conviction application the period is tolled, and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court if the second petition was filed within a "reasonable time" after the denial of the first. *Carey v. Saffold*, 536 U.S. 214, 223 (2002). Generally, a gap of 30 to 60 days between state petitions is considered a "reasonable time" during which the statute of limitations is tolled, but six months is not reasonable. *Evans*, 546 U.S. at 210 (using 30 to 60 days as general measurement for reasonableness based on other states' rules governing time to appeal to the state supreme court); *Saffold*, 536 U.S. at 219 (same); *Waldrip v. Hall*, 548 F.3d 729, 731 (9th Cir. 2008) (finding that six months between successive filings was not a "reasonable time").

### B. Equitable Tolling

The limitations period may also be equitably tolled where a habeas petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In light of this pronouncement in *Pace*, the Ninth Circuit has reiterated that the threshold necessary to trigger equitable tolling is very high, and clarified that equitable tolling only applies where a petitioner shows that despite diligently pursuing his rights, some external force *caused* the untimeliness. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Petitioner has the burden of

3

showing facts entitling him to statutory and equitable tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

**III.    Analysis**

    **A.    Start Date of the Limitations Period**

In this case, the statute of limitations began to run when petitioner's conviction became final on direct review. *See* 28 U.S.C. § 2244(d)(1)(A). The California Supreme Court denied review on October 25, 2006. Lodg. Doc. 3. Thus, the conviction became "final" within the meaning of section 2244(d)(1)(A) when the time for filing a petition for writ of certiorari expired ninety days later, on January 23, 2007. Supreme Ct. R. 13; *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). The one-year limitations period commenced running the following day. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Thus, petitioner had until January 23, 2008, to file his federal habeas petition. However, he did not file the instant petition until December 31, 2010. Absent tolling, his application in this court is nearly three years late.

    **B.    Statutory Tolling**

Petitioner contends that he is entitled to statutory tolling from January 18, 2008, the date he filed his first state petition, to November 10, 2009, the date the California Supreme Court denied his final state habeas petition. Pet'r's Opp'n to Resp.'s Mot. to Dismiss, Dckt. No. 37 at 10-14.

The parties do not dispute that the petitioner's first habeas petition was properly filed and therefore entitles petitioner to statutory tolling from January 18, 2008 to April 28, 2008. In the Prior Order, the undersigned explained that petitioner is also entitled to statutory tolling during the gap between the denial of the first state petition and the filing of the second petition because petitioner's delay in filing the second petition was not unreasonable:

    Here, petitioner filed his first state habeas petition on January 18, 2008, in Tehama County Superior Court. Sixty-five days passed between the denial of that state habeas petition and the filing of the second state habeas petition in the California Court of Appeal. This period

is not unreasonable given that after the unsuccessful petition to the Superior Court, petitioner's attorney refined and augmented the claims in his petition to the Court of Appeal. *See* Lodg. Docs. 5, 7; *Warburton v. Walker*, 548 F. Supp. 2d 835, 840 (C.D. Cal. 2008) (sixty-nine day delay reasonable because petitioner amended petition before filing in Court of Appeal); *Stowers v. Evans*, 2006 WL 829140, *3 (E.D. Cal. Mar. 29, 2006) (eighty-seven day delay not unreasonable because second petition was substantially re-written). Sixty-five days is also far less than the six-month period of unexplained delay that the Supreme Court in *Chavis* found to be unreasonable and is considerably less than the unexplained delays of 101, 115, and 146 days found by the Ninth Circuit to be unreasonable in *Chaffer* and *Banjo*. *Chavis*, 546 U.S. at 201; *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010); *Banjo v. Ayers*, 614 F.3d 964, 970 (9th Cir. 2010). Furthermore, a mere sixty-five day delay in filing at the next highest state court is not "substantially longer than the 30 to 60 days that most States allow for filing petitions." *Chaffer*, 592 F.3d at 1048; *Reddick v. Felker*, 2008 WL 4754812, *3 (E.D. Cal. Oct. 29, 2008) (sixty-four day delay not "substantially" greater than sixty days); Thus, petitioner is entitled to tolling of the statute of limitations for the sixty-five days between the Superior Court's denial of his first state habeas petition and the filing of the subsequent petition in the California Court of Appeal.

Dckt. No. 29 at 5-6.

Because petitioner's first two state habeas petitions were properly filed, petitioner is entitled to statutory tolling from January 18, 2008, the date the first petition was filed, to July 24, 2008, the date the California Court of Appeal denied petitioner's second state habeas petition. Thus, petitioner's first two state habeas petition provide 189 days of tolling.

Petitioner further claims that he is entitled to statutory tolling for the gap between the denial of his second state petition and the filing of his third state petition in the California Supreme Court. Dckt. No. 37 at 10-14. After the California Court of Appeal denied petitioner's second state petition on July 24, 2008, 153 days passed before petitioner filed his last state petition in the California Supreme Court. As previously explained, an unreasonable delay in seeking review of a habeas petition deprives a petitioner of statutory tolling.

Relying on *Maxwell v. Roe*, 628 F.3d 486 (9th Cir. 2010), petitioner argues that the 153-day delay was reasonable because 1) the California Supreme Court considered the merits of his state petition, and 2) there is an explanation for the delay. Pet'r's Opp'n to Resp.'s Mot. to Dismiss, Dckt. No. 37 at 12-14. *In Maxwell*, the Ninth Circuit found that a 14-month delay in filing a subsequent habeas petition was reasonable under the circumstances. In reaching this conclusion, the Ninth Circuit noted that (1) the state court considered the merits of the petition

and (2) there was a compelling justification for the 14-month delay. 628 F.3d at 496.

As for the first *Maxwell* factor, petitioner argues that the California Supreme Court denied his petition on the merits and not on timeliness grounds. Dckt. No. 37 at 12. The California Supreme Court ordered the Attorney General's office to informally respond to his petition. Lodg. Doc. 10. The court then summarily denied his petition without citation. *Id*. Petitioner contends that the request for an informal reply and the denial without citation together indicate that the court considered his case on the merits and necessarily found his petition timely. Dckt. No. 37 at 12-13; *see Maxwell*, 628 F.3d at 496 (explaining that the California Supreme Court usually cite to case law when it rejects a claim as untimely).

The Ninth Circuit has previously rejected this argument. In *Velasquez v. Kirkland*, 639 F.3d 964 (9th Cir. 2011), the petitioner argued that the state court implicitly found his petition timely because the court did not expressly reject the petition as untimely and the court also "took the extra step of requesting briefing on the merits of his petition." Rejecting the argument, the Ninth Circuit held:

> [E]ven "the appearance of the words 'on the merits' does not automatically warrant a holding that the filing was timely, . . . The fact that the California Supreme Court did not include the words 'on the merits' in its order denying [petitioner] relief makes it *less* likely ... that the California Supreme Court believed that [petitioner's] delay was reasonable.

*Id*. at 967 n.5 (emphasis in original) (citing *Evans*, 546 U.S. at 197).

The second factor considered by the court in *Maxwell* was the reason for the delay. 628 F.3d at 496. In that case, the Ninth Circuit found that the petitioner's case was an unusual one in that it moved at a slow pace and contained an enormous record. *Id*. at 496-97. The criminal trial did not commence until four years after the petitioner's arrest, the trial lasted nine months, and the direct appeal took seven years to complete. *Id*. The petitioner's state collateral attacks were also time consuming. *Id*. at 497. In concluding that a 14-months delay in filing a petition was reasonable, the court held, "[W]e agree with the district court that based on the need to review the voluminous record, to conduct legal research of complex claims, to address the Superior

Court's lengthy decision, to incorporate the findings of the two-year evidentiary hearing, and to redraft the original habeas corpus petition, [petitioner's] delay was reasonable in this case." *Id*.

Petitioner contends that the delay in this case was reasonable, and therefore his third state petition was timely under California law, because there is an explanation for the delay in filing the petition in the California Supreme Court.[2]  Dckt. No. 37 at 13-14.  In support of this argument, petitioner submits the declaration of Mr. Bottke, his former attorney.  Pet'r's Req. to Expand the R.  (hereinafter "Expand R."), Dckt. No. 38-1, Ex. B.  Mr. Bottke represented petitioner in his California habeas proceedings and was attempting to have petitioner's sentence reduced under *Cunningham v. California*, 549 U.S. 270 (2007).[3]  Mr. Bottke declares that case law was developing after *Cunningham*, and that he made a tactical decision to delay filing the petition in the California Supreme Court to see if favorable cases would develop to support petitioner's claim.  Dckt. No. 38-1, Ex. B ¶ 3.

This case does not contain the same compelling circumstances as *Maxwell*.  The differences between petitioner's second and third state petitions are minimal, and thus petitioner did not require additional time to research and draft new legal arguments.  *See* Lodg. Docs. 7, 9.  Petitioner's counsel could have filed a petition earlier, but instead intentionally delayed filing a petition in the California Supreme Court based on his hope that favorable case law would develop.  Under these circumstances, the undersigned does not find that proffered explanation

---

[2] Respondent contends, however, that it does not matter whether the third petition was timely filed under California law.  According to respondent, "the law in this Circuit remains that timeliness under state law *is not enough* to allow statutory tolling."  Resp.'s Reply, Dckt. No. 39 at 5.  Respondent is mistaken.  The Ninth Circuit has held that where a delay in filing a subsequent state petition is reasonable under California law, the petition remains pending within the meaning of 28 U.S.C. § 2244(d)(2).  *Noble v. Adams*, 676 F.3d 1180, 1183 (holding that if a delay in filing a subsequent petition in a higher court "was reasonable under California law, then [petitioner's] first petition remained pending during that period.").

[3] *Cunningham* held that California's determinate sentencing law, which required judges to conduct sentence-elevating fact-finding, violated a defendant's right to trial by jury under the Sixth and Fourteenth Amendments.  549 U.S. at 288-89.  Petitioner received the middle term of 6 years for his voluntary manslaughter conviction, but received the upper term of 10 years for the firearm enhancement.  Dckt. No. 1 at 5.

7

excuses the delay in filing. *See King v. Lamarque*, 455 F.3d 1040, 1043 (9th Cir. 2006) (California courts require habeas petitioners to "explain and justify any significant delay in seeking habeas relief.").

As petitioner's 153-day delay is significantly longer than the 30 to 60-day time limits utilized by other states, and petitioner has failed to adequately justify the delay, the third state petition was not filed within a reasonable time under California law. Because the third state habeas was not timely filed, petitioner is not entitled to statutory tolling during the period between the denial of his second state habeas petition and the filing of the petition in the California Supreme Court. Petitioner is also not entitled to statutory tolling during the 321 days his petition was being considered by the California Supreme Court. *See Banjo v. Ayers*, 614 F.3d 964, ("[I]f a state court denies a petition as untimely, none of the time before or during the court's consideration of that petition is statutorily tolled.").

Accordingly, petitioner is only afforded statutory tolling during the time his first two state petitions were pending. Those petitions provide 189 days of tolling, extending the filing date to August 1, 2008. Without equitable tolling, petitioner's federal petition is barred by the statute of limitations.

### C. Equitable Tolling

As provided above, to toll the federal habeas limitations period for equitable reasons, the petitioner must show that: (1) he has been pursuing his rights diligently, and (2) some external extraordinary circumstance stood in his way and caused the untimeliness. In analyzing whether a petitioner has met this burden, the court views the facts alleged in the petition and facts supported by petitioner's other documentary submissions in the light most favorable to petitioner. *Porter v. Ollison*, 620 F.3d 952, 956 n. 4 (9th Cir. 2010).

Although the limitation period commenced running on January 24, 2007, petitioner argues that he is entitled to equitable tolling from January 23, 2007, to July 5, 2007, the date he actually learned his conviction was final. Dckt. No. 37 at 10. The undersigned addressed this

8

argument in the Prior Order and agreed with petitioner that he is entitled to equitable tolling based on a delay in receiving notification that the California Supreme Court denied his petition for review. Dckt. No. 29 at 8-9. In reaching this decision, the undersigned relied on petitioner's declaration as well as a letter from petitioner's former appellate counsel, Richard D. Miggins, dated June 28, 2007. In his declaration, petitioner stated:

> My Petition for Review was denied by the California Supreme Court on 10/27/06, but I did not receive notification of the denial from the Supreme Court. I had absolutely no knowledge of the conclusion of my direct appeal in the California state court system.[4]
>
> I relied on my appointed appellate attorney, Richard D. Miggins, to comply with state and federal timeliness rules. But this legal representative – through no fault of my own – failed to promptly notify me that my Petition for Review had been denied by the California Supreme Court. Consequently, I presumed that my Petition for Review was still pending.
>
> My appellate attorney also failed to promptly deliver the clerk's and report's transcripts to me, which made it impossible for me to prepare and file a state habeas petition.
> ...
> In or about the first week of May 2007, I sent a letter to Richard Miggins, in which I asked for an update on my Petition for Review.
>
> On 6/28/07, Richard Miggins sent me my clerk's and reporter's transcripts, and a letter in which he apologized for failing to promptly notify me that the Supreme Court had denied my Petition for Review.... I received the letter and the transcripts on or about 7/5/07.

Dckt. No. 20, Ex. A, Michael Coffin Decl. at ¶¶ 4-6, 9, 10. In the June 28, 2007 letter, Mr. Miggins admitted that he did not timely inform petitioner that his petition had been denied by the California Supreme Court and that he failed to send petitioner his trial transcripts sooner because of an "oversight." Dckt. No. 20, Ex. D.

////

////

---

[4] The California Supreme Court denied the petition on October 25, 2006, not October 27, 2006 as petitioner claims. *See* Lodg. Doc. 4.

9

1  As explained in the Prior Order, these circumstances provide a basis for equitable tolling:

> "[A] prisoner's lack of knowledge that the state courts have reached a final resolution of his case can provide grounds for equitable tolling if the prisoner has acted diligently in the matter. *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009). For the alleged lack of notice to provide a basis for equitable tolling, petitioner must show (1) the date he actually received notice; (2) that he acted diligently to obtain notice; and (3) that the delay in receiving notice caused the untimeliness of his filing. *Id.* at 998. Petitioner has satisfied this burden.
> Although he is not certain of the date, petitioner believes he received the June 28, 2007 letter from Mr. Miggins, informing him that the California Supreme Court denied his petition for review, on July 5, 2007. Petitioner's diligence is demonstrated by his unsuccessful attempts to contact Mr. Miggins by making collect calls to him and ultimately inquiring of the status of his petition, in May 2007, by letter. Petitioner was unable to "simply check[] online himself, at the state court website, to determine the status of his petition for review," Dckt. No. 21 at 3 n. 2, as respondent offers, because California inmates are not permitted access to computers that are connected to the internet. Cal. Code Regs. Tit. 15, § 3041.3(b); Dckt. No. 26 at 3. Finally, that petitioner waited until July 5, 2007 to begin working on his federal habeas petition is attributable to Mr. Miggins' "oversight" and failure to inform petitioner that his petition for review was denied and his conviction was made "final" within the meaning of the statute of limitations.

Dckt. No. 29 at 9.

Based on the foregoing, petitioner is entitled to equitable tolling based on his former attorney's delay in providing him with timely notice that his petition for review had been denied by the California Supreme Court. *See Elmore v. Knowles*, 2007 WL 2275169, *5 (E.D. Cal. Aug. 7, 2007) (petitioner entitled to equitable tolling where there was not an unequivocal statement from attorney that attorney notified petitioner of supreme court decision).

Petitioner contends that additional circumstance warrant equitable tolling. Petitioner argues that he was also prevented from timely filing his federal petition based on Mr. Bottke's failure to timely file his third state habeas petition in the California Supreme Court. To be entitled to equitable tolling on this basis, petitioner must establish that he was pursuing his rights diligently and that Mr. Bottke's conduct constituted an extraordinary circumstance that prevented him from timely filing his petition. *See Pace*, 544 U.S. at 418. The Supreme Court has held that an attorney's unprofessional conduct can sometimes be an extraordinary circumstance allowing a petitioner to receive equitable tolling. *Holland v. Florida*, ___ U.S.

10

1  \_\_\_\_, 130 S.Ct. at 2552, 2562-63.  In *Holland*, the court recognized that a "garden variety claim
2  of excusable neglect" or an attorney's miscalculation of filing deadlines does not warrant
3  equitable tolling, while a claim that an attorney abandoned the petitioner, if proven, would
4  provide a basis for equitable tolling.  *Id*. at  2263, 2568.  Thus, in determining whether a
5  petitioner is entitled to equitable tolling, "courts must examine if the claimed failure was one of
6  mere negligence by the attorney, such as inadvertently miscalculating a filing deadline in a non-
7  capital case, or a sufficiently egregious misdeed like malfeasance or failing to fulfill a basic duty
8  of client representation."  *Doe v. Busby*, 661 F. 3d 1001, 1011 (9th Cir. 2011) (citations omitted).

9  As mentioned before, the Court of Appeal denied petitioner's second state petition on
10 July 24, 2008.  On July 19, 2008, before that petition was denied, petitioner sent Mr. Bottke a
11 letter that stated:

> I need to know your plan, if/when I'm denied do you plan to file in the CA Supreme Court.  I need to know if I will have to do it from here.  I understand the short time lines to file.  So please write me and let me know.  I'd rather have you do it of course, but if you can't I'd understand.  Please let me know as soon as you can, so I can know when I get denied.  I know most appeals are denied at this level.  I've been told this step can go quickly 30-90 days, so please get back to me.  Thank you.

16 Expand R., Ex. D.

17 In response to this letter, on July 28, 2008, Mr. Bottke wrote petitioner to tell him that the
18 Court of Appeal denied his petition.  Expand R., Ex. E.  Mr. Bottke also indicated in the letter
19 that he would continue to represent petitioner by filing a habeas petition in the California
20 Supreme Court.  *Id*.  The letter does not, however, contain any discussion relating to the decision
21 to delay filing a petition in the California Supreme Court.  On November 13, 2008, petitioner
22 sent another letter to Mr. Bottke, in which he stated, "I'm writing to ask if we ever filed in the
23 California Supreme Court.  I have not heard from you, so I thought I should ask.  I figure it will
24 be denied, but have to get past that before I can file at the Federal level."  Expand R., Ex. F.

25 The record before the court demonstrates that petitioner was sufficiently diligent to
26 entitle him to equitable tolling.  "The diligence required for equitable tolling purposes is

1  reasonable diligence, not maximum feasible diligence." *Holland*, 130 S.Ct. at 2565.  The

2  submitted letters show that petitioner continued to stay in contact with his attorney and requested

3  the status of his case on at least two occasions.  The correspondence shows that notwithstanding

4  the clearly manifested direction from his client to timely exhaust his state habeas remedies so as

5  to preserve his rights to pursue a federal petition, his attorney chose a different course.

6  Petitioner expressed his desire to file a petition in the California Supreme Court and stated that

7  he understood that there were short deadlines.  His desire to meet those deadlines was clearly

8  expressed.  The choice not to do so was contrary to what petitioner requested of his attorney.

9  The letters provided by petitioner sufficiently show that he acted reasonably diligent in pursuing

10  his rights.

11  Furthermore, Mr. Bottke's conduct was sufficiently egregious to constitute an

12  extraordinary circumstance justifying equitable tolling.  Petitioner's July 19, 2008 letter

13  informed Mr. Bottke of his desire to file a petition in the California Supreme Court.  It further

14  notified counsel that the petition must be filed promptly.  Mr. Bottke indicated that he would file

15  the petition on petitioner's behalf, but took no immediate action.  Even after receiving

16  petitioner's November 13, 2008 inquiry into whether the petition had been filed, counsel did not

17  file a petition in the California Supreme Court until December 24, 2008.  The only proffered

18  reason for such a delay was that Mr. Bottke wanted to see if favorable case law developed.[5]

19  Counsel's delay in filing the petition cannot be characterized as a garden variety claim of

20  negligence.  This was not a case of an overlooked or mis-calendared deadline, or other similar

---

[5] In support of his motion to dismiss, respondent submits a response to an interrogatory completed by Mr. Bottke. Dckt. No. 36 at 7-9. In the response, Mr. Bottke claims that he "made the tactical decision in consultation with Petitioner and Petitioner's father (with whom Respondent Party had the most direct contact) to further await any case law that would be decided in Petitioner's favor . . . ." *Id*. at 8. However, petitioner declares that he "never told Mr. Bottke that [he] thought it was a good strategy to delay in filing any of the state habeas petitions." Expand R., Ex. A at ¶ 5. Viewing the facts in the light most favorable to petitioner, petitioner's declaration, in conjunction with the letters discussed herein, support the finding that petitioner requested that his counsel promptly file a habeas petition in the California Supreme Court.

12

conduct. Rather, it presents a much more serious instance of attorney misconduct. The submitted letters demonstrate that counsel decided to delay filing a petition notwithstanding his client's requests to the contrary. Counsel was not merely negligent; rather, counsel disregarded his client's requests and left petitioner to believe that a timely habeas petition would be filed on his behalf. By failing to timely file the state habeas petition, as requested by petitioner, Mr. Bottke "fail[ed] to fulfill a basic duty of client representation." *Doe*, 661 F. 3d at 1011.

Respondent argues, however, that Mr. Bottke's conduct does not provide a basis for equitable tolling because it did not prevent petitioner from filing his federal petition. Resp.'s Reply, Dckt. No. 39 at 5-6. Respondent contends that petitioner could have avoided any timeliness issue by (1) firing Mr. Bottke or (2) filing a protective petition and requesting the district court stay the proceeding. *Id*. But the same could be said of any client who, at the time unknowingly, has been abandoned by counsel. The fundamental flaw of the argument is that until the incarcerated client realizes the abandonment, he has no way to know that a timely petition is not being filed. *See e.g., Holland,* 130 S.Ct. at 2555 (noting similar client letters to counsel urging that a timely petition be filed).

As for the first argument, while true that petitioner was free to fire his counsel and retain alterative representation, there is nothing in the record indicating that petitioner had prior knowledge that his retained counsel would fail to adhere to his wishes. Indeed, in the November 13, 2008 letter, petitioner sought verification from Mr. Bottke that a habeas petition had been filed in the California Supreme Court. He plainly acted with diligence. Petitioner, as an inmate, could only assume that his retained counsel had followed through with his request. He was not able to access the California Supreme Court's website to ensure that a habeas petition was in fact filed. *See* Cal. Code Regs. tit. 15, § 3041.3(b). While respondent enjoys the luxury of hindsight in formulating alternative arguments, this benefit was not available to petitioner in deciding whether to continue to place his trust in Mr. Bottke. Thus, petitioner's failure to seek alternative counsel does not preclude equitable tolling.

Petitioner's second argument–that petitioner could have avoided any timeliness problems by filing a protective petition and requesting a stay–is also meritless. Respondent is correct that the United States Supreme Court has advised inmates to file "protective petitions" in federal court to avoid having their petition barred by the one-year statute of limitations. *Pace*, 544 U.S. at 416. However, while district court's maintain the authority to stay fully exhausted and mixed petitions, they lack the authority to stay petitions containing only unexhausted claims. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Jones v. McDaniel* 320 Fed. Appx. 784, 786 ("A *Rhines* stay is only available for a mixed habeas petition where at least some claims have been exhausted . . . .").

In this case, any attempt by petitioner to file a "protective petition" would have proved futile, as all claims in the petition were unexhausted until the California Supreme Court denied his habeas petition on November 10, 2009. Had petitioner filed his federal petition prior to the California Supreme Court denial, as respondent suggests he was required to do, the petition would almost certainly have been dismissed. *See Jiminez v. Rice*, 276 F.3d 478,481 (9th. Cir. 2001) ("[T]he district court was obliged to dismiss immediately, as the petition contained no exhausted claims" (internal quotations omitted)).

The record before the court shows that petitioner acted diligently in his efforts to exhaust his state remedies. Petitioner was not able to begin working on his habeas petition until July 5, 2007. His first state habeas petition was filed on January 18, 2008. The state petition would have remained pending within the meaning of 28 U.S.C. § 2244(d)(2) until the California Supreme Court issued its denial on November 10, 2009, had it not been for his attorney's failure to promptly file the third state petition as requested. Petitioner was able to file the instant petition on December 31, 2009–52 days after the denial of his last state habeas petition–notwithstanding the fact that he did not have access to his legal material from

////

////

November 11, 2009 through December 4, 2009.[6]  Given that petitioner's failure to file his federal petition within the one-year statutory period is attributable to the conduct of former counsel, rather than his lack of diligence, petitioner is entitled to equitable tolling.  Accordingly, the instant petition is not barred by the statute of limitations.

**IV.   Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1. Respondent's motion to dismiss (Dckt. No. 36) be denied; and

2. Respondent be directed to file an answer to the petition within 60 days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 14, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[6] The parties agree that petitioner did not have access to his legal material during this time.  Dckt. No. 36 at 4.

15