UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL ROBERT COFFIN,

                  Petitioner,

    v.

MATTHEW CATE,

                  Respondent.

No.  2:10-cv-00026-JAM EFB P

**ORDER GRANTING PETITIONER'S APPLICATION FOR WRIT OF HABEAS CORPUS**

    This matter is before the Court on Petitioner Michael Robert Coffin's ("Petitioner") Objections (Doc #52) to the Magistrate Judge's Findings and Recommendations (Doc. #51).

## I.  FACTUAL AND PROCEDURAL BACKGROUND

    The Court adopts the Magistrate Judge's thorough summary of the factual and procedural background of this case, found in Part I ("Background") and Part II.B.1 ("Petitioner's Claim – Background") of the findings and recommendations.  Nevertheless, for ease of reference, a brief review of the relevant history is included here.

///

1

On October 13, 2005, in Tehama County Superior Court, Petitioner entered a plea of "no contest" to voluntary manslaughter, in violation of California Penal Code ("CPC") section 192, and admitted to personally using a firearm to commit the offense, within the meaning of CPC section 12022.5(a).  A sentencing hearing was held on November 29-30, 2005.  At this hearing, Petitioner acknowledged that he had "taken police academy training," which included instruction on the "use of force."  Sentencing Hearing Transcript ("SHT") (Doc. #3.1) at 414, 420.  He also acknowledged that he had fired multiple shots during the commission of the offense.  Id. at 455.

CPC section 12022.5(a) provides that "any person who personally uses a firearm in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for 3, 4, or 10 years, unless use of a firearm is an element of that offense." At the time of Petitioner's sentence in 2005, CPC § 1170.1(d) provided that the court should impose "the middle term unless there are circumstances in aggravation or mitigation, and state the reasons for its sentence choice, other than the middle term, on the record at the time of sentencing."  Implementing these two provisions, Rule 4.421 of the California Rules of Court ("CRC") contained a list of specific aggravating factors that could support an upper term sentence.  That list did not contain "prior police training" or "firing multiple shots."  However, CRC Rule 3.308 clarified that this list was non-exclusive.  Therefore, a sentencing judge could impose the upper term based on factors not listed in Rule 4.421, as long as those factors were relevant,

2

reasonable, and stated on the record.  CRC Rule 4.420(b) provided that aggravating circumstances "must be established by a preponderance of the evidence."

Petitioner was sentenced to a total term of 16 years in state prison, including the upper term of 10 years, under CPC section 12022.5(a), for the use of a firearm.  The sentencing judge noted that he was imposing the upper term under section 12022.5(a) based on the facts that Petitioner (1) had prior peace officer training and (2) had fired multiple shots at the victim.

After being sentenced to the upper term under CPC section 12022.5(a), Petitioner appealed his conviction in the California Court of Appeal and lost.  The California Supreme Court subsequently denied his petition for review.

On January 22, 2007, the United States Supreme Court held that CPC section 12022.5(a) violated a defendant's right to a jury trial to the extent it permitted a trial court to impose an upper term based on facts found by the court rather than by a jury.  Cunningham v. California, 549 U.S. 270 (2007).  Petitioner subsequently raised a challenge to his sentence based on the Cunningham decision in a petition for a writ of habeas corpus in Tehama County Superior Court.  On April 28, 2008, a hearing was held in Superior Court on that petition.  The Superior Court denied the habeas petition, reasoning that the Defendant admitted, at the sentencing hearing, to firing multiple shots and "the Court was justified in using those admissions to aggravate the sentence on the enhancement."  Hearing on Petition for Writ of Habeas Corpus (Doc #3.1) at 228.  Petitioner's subsequent habeas petitions in the California Court of Appeal and California

1    Supreme Court were summarily denied.  Accordingly, the Superior

2    Court's decision is the last "reasoned" opinion and is reviewed

3    by this court under 28 U.S.C. § 2254(d).

4         On January 5, 2010, Petitioner filed a petition for a writ

5    of habeas corpus in this Court.  The matter was referred to

6    United States Magistrate Judge Brennan pursuant to 28 U.S.C.

7    § 636(b)(1)(B) and Local Rule 302.  On July 1, 2013, the

8    Magistrate Judge filed his findings and recommendations.

9    Petitioner filed objections to the findings and recommendations.

10        In accordance with 28 U.S.C. § 636(b)(1)(C) and Local Rule

11   304, the Court has conducted a de novo review of this case.  As

12   noted above, the Court adopts Part I ("Background"), and Part

13   II.B.1 ("Petitioner's Claim - Background") of the findings and

14   recommendations.  However, the Court does not adopt Part II.A

15   ("Standards for a Writ of Habeas Corpus"), Part II.B.2

16   ("Petitioner's Claim - Applicable Legal Standards"), or Part

17   II.B.3 ("Petitioner's Claim - Analysis") and, instead, issues the

18   following decision granting Petitioner's application for writ of

19   habeas corpus.

20

21                        II.   OPINION

22        A.   Legal Standard

23        Title 28 U.S.C. § 2254(d) sets forth the following

24   standards for granting federal habeas corpus relief:

25            An application for a writ of habeas corpus on
             behalf of a person in custody pursuant to the judgment
26           of a State court shall not be granted with respect to
             any claim that was adjudicated on the merits in State
27           court proceedings unless the adjudication of the
             claim—

28

                                   4

    (1)  Resulted in a decision that was contrary to, or
         involved an unreasonable application of, clearly
         established Federal law, as determined by the
         Supreme Court of the United States; or

    (2)  resulted in a decision that was based on an
         unreasonable determination of the facts in light
         of the evidence presented in the State court
         proceeding.

For purposes of applying § 2254(d)(1), "clearly established

law" consists of holdings of the United States Supreme

Court at the time of the state court decision.  Stanley v.

Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams

v. Taylor, 529 U.S. 362, 405-06 (2000)).  A state court

decision is "contrary to" clearly established federal law

if it applies a rule contradicting a holding of the Supreme

Court or reaches a result different from Supreme Court

precedent on "materially indistinguishable" facts.  Price

v. Vincent, 538 U.S. 634, 640 (2003).

    Under the "unreasonable application" clause of

§ 2254(d)(1), a federal habeas court may grant the writ if

the state court identifies the correct governing legal

principle from the Supreme Court's decisions, but

unreasonably applies that principle to the facts of the

prisoner's case.  Locker v. Andrade, 538 U.S. 63, 75

(2003); Williams, 529 U.S. at 413.  In this regard, a

federal habeas court "may not issue the writ simply because

that court concludes in its independent judgment that the

relevant state-court decision applied clearly established

federal law erroneously or incorrectly.  Rather, that

application must also be unreasonable."  Williams, 529 U.S.

at 412.  Accordingly, "[a]s a condition for obtaining

1    habeas corpus from a federal court, a state prisoner must

2    show that the state court's ruling on the claim being

3    presented in federal court was so lacking in justification

4    that there was an error well understood and comprehended in

5    existing law beyond any possibility for fairminded

6    disagreement." Harrington v. Richter 562 U.S.___,___, 131

7    S.Ct. 770, 786-87 (2011).

8        The court looks to the last reasoned state court

9    decision as the basis for the state court judgment.

10   Stanley, 633 F.3d at 859.  If the state court's decision

11   does not meet the criteria set forth in § 2254(d), a

12   reviewing court must conduct a de novo review of a habeas

13   petitioner's claims.  Delgadillo v. Woodford, 527 F.3d 919,

14   925 (9th Cir. 2008).

15       B.   Applicable Law

16       In Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), the

17   United States Supreme Court held that the Due Process Clause of

18   the Fourteenth Amendment requires any fact other than a prior

19   conviction that "increases the penalty for a crime beyond the

20   prescribed statutory maximum" to be "submitted to a jury and

21   proved beyond a reasonable doubt."  In Blakely v. Washington,

22   542 U.S. 296, 303-04 (2004), the Supreme Court held that a

23   defendant is entitled to have a jury determine beyond a

24   reasonable doubt any fact that increases the statutory maximum

25   sentence, unless the fact was "admitted by the defendant" or was

26   based on a prior conviction.  The Blakely Court noted that "the

27   relevant 'statutory maximum' is not the maximum sentence a judge

28   may impose after finding additional facts, but the maximum he

6

1    may impose *without* any additional findings." Id.  The Supreme

2    Court has further clarified that the "'statutory maximum' for

3    Apprendi purposes is the maximum sentence a judge may impose

4    solely on the basis of the facts reflected in the jury verdict

5    or admitted by the defendant." United States v. Booker, 543

6    U.S. 220, 232 (2005).

7         In 2007, the United States Supreme Court held that CPC

8    section 12022.5(a) – known as the Determinate Sentencing Law

9    ("DSL") – violated a defendant's right to a jury trial to the

10   extent it permitted a trial court to impose an upper term based

11   on facts found by the court rather than by a jury. Cunningham

12   v. California, 549 U.S. 270 (2007).  The Cunningham Court also

13   determined that the middle term under the DSL is the maximum

14   term that may be imposed on the basis of the jury's verdict

15   alone.  Id. at 288.  The Ninth Circuit has subsequently held

16   that Cunningham may be applied retroactively on collateral

17   review.  Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008).

18        C.   Discussion

19        Petitioner argues that his sentence violated Apprendi,

20   Blakely, and Cunningham.  The findings and recommendations note

21   that "an exception to the Apprendi rule exists for facts that are

22   admitted by the defendant."  Findings and Recommendations at 14.

23   The Magistrate Judge concludes that Petitioner's sentence was

24   properly imposed because the sentencing judge cited aggravating

25   circumstances (that he had received prior peace officer training

26   and that he fired multiple shots) which were "admitted" by

27   Petitioner at the sentencing hearing.  Id. at 14-16.  This is the

28   same reasoning found in the Tehama County Superior Court's denial

1    of Petitioner's habeas petition – the operative decision for

2    purposes of the Court's review under § 2254(d).  Findings and

3    Recommendations at 6-7.  Petitioner objects that this "construes

4    the Apprendi exception for admissions made by the defendant far

5    too broadly" because "the type of 'admissions' that excuse the

6    prosecution from proving a fact that supports an increased

7    sentence beyond a reasonable doubt to a jury are those

8    'admissions' that are accompanied by a valid jury trial waiver."

9    Objections at 8.

10        The Supreme Court, through Apprendi and its progeny, has

11   established a "dual-pathway" framework for constitutionally

12   imposing sentences.  Under Apprendi, a sentence may be imposed on

13   a criminal defendant in one of two ways: either (1) a jury finds

14   the defendant guilty, beyond a reasonable doubt, of facts

15   sufficient to impose the sentence or (2) the defendant waives his

16   right to a jury trial and admits facts sufficient to impose that

17   sentence (i.e. in a guilty plea).  Blakely v. Washington, 542

18   U.S. 296, 303-304 (2004).  Under this doctrine, the admission of

19   facts by the defendant is inextricably linked to his waiver of

20   Sixth Amendment rights.  The strongest indication of this pairing

21   between "admissions" and "waiver" appears in Blakely: "When a

22   defendant pleads guilty, the State is free to seek judicial

23   sentence enhancements so long as the defendant either stipulates

24   to the relevant facts or consents to judicial factfinding.  If

25   appropriate waivers are procured, States may continue to offer

26   judicial factfinding as a matter of course to all defendants who

27   plead guilty."  Blakely, 542 U.S. at 310 (2004) (emphasis added).

28   Thus, the waiver of a defendant's right to a jury trial is

1   crucial to the constitutionality of any "judicial sentence

2   enhancement."   In the present case, a judicial sentence

3   enhancement was imposed, under CPC section 12022.5(a), but no

4   "appropriate waiver" was obtained at the sentencing hearing.

5   Thus, any facts "admitted" by the Defendant at the sentencing

6   hearing fall outside the "dual-pathway" framework established by

7   Apprendi.

8       There are further indications of this "dual-pathway"

9   approach in the Supreme Court's description of CPC section

10   12022.5(a) in Cunningham v. California: "Under California's DSL,

11   an upper term sentence may be imposed only when the trial judge

12   finds an aggravating circumstance.   An element of the charged

13   offense, essential to a jury's determination of guilt, or

14   admitted in the defendant's guilty plea, does not qualify as such

15   a circumstance."   Cunningham v. California, 549 U.S. 270, 287

16   (2007).   Here, the Supreme Court's conception of the

17   constitutional equivalency between (1) the "jury's determination

18   of guilt" and (2) the "admi[ssions] in the defendant's guilty

19   plea" is most stark.   Id.   Conversely, informal admissions at

20   sentencing – unaccompanied by a waiver of the right to a jury

21   trial – are fundamentally different than a jury's factual

22   findings.

23       Moreover, Apprendi's discussion of the sole exception to

24   this "dual-pathway" framework only strengthens the position that

25   "admissions" under Apprendi must be coupled with an appropriate

26   waiver.   In Apprendi, the Court discussed its holding in

27   Almendarez-Torres v. United States, 523 U.S. 224 (1998) that the

28   "fact" of a prior conviction may be used to increase a

1  defendant's maximum sentence, even if it is not charged in the

2  indictment or submitted to the jury. <u>Apprendi</u>, 530 U.S. at 487-

3  90. The <u>Apprendi</u> Court acknowledged that this is an "exceptional

4  departure from the historic practice" that a defendant's maximum

5  sentence must be based on facts found by the jury or admitted in

6  a guilty plea. <u>Id.</u> at 487. The <u>Apprendi</u> Court went on to note

7  that "the certainty that procedural safeguards attach[ ] to any

8  'fact' of prior conviction . . . mitigate[s] the due process and

9  Sixth Amendment concerns[.]" <u>Id.</u>, at 488. Thus, the "fact" of a

10  prior conviction remains paired with the protections of the Sixth

11  Amendment.

12      The Ninth Circuit has determined that, in conducting

13  harmless error review of an <u>Apprendi</u> violation, courts may "not

14  consider new admissions made at sentencing" by the defendant.

15  <u>Butler v. Curry</u>, 528 F.3d 624, 648 (9th Cir. 2008) (citing <u>United</u>

16  <u>States v. Nordby</u>, 225 F.3d 1053, 1061 n. 6 (9th Cir.2000),

17  <u>overruled on other grounds by</u> <u>United States v. Buckland</u>, 289 F.3d

18  558, 568 (9th Cir.2002) (en banc)). If a defendant's admissions

19  at sentencing cannot be considered in determining whether an

20  <u>Apprendi</u> violation was harmless error, it would be decidedly

21  incongruous to use those same admissions to deny the existence of

22  the <u>Apprendi</u> violation itself.

23      Furthermore, although state court decisions have little

24  persuasive value in this case, they are instructive and the Court

25  notes that a number of state supreme courts have determined that

26  "admissions" under <u>Apprendi</u> must be accompanied by a jury trial

27  waiver. <u>See</u>, <u>e.g.</u>, <u>People v. Isaacks</u>, 133 P.3d 1190, 1192 (Colo.

28  2006) (holding that "a sentencing court may not use a defendant's

10

1    admission to sentence him in the aggravated range unless the

2    defendant knowingly, voluntarily, and intelligently waives his

3    Sixth Amendment right to have a jury find the facts that support

4    the aggravated sentence"); State v. Dettman, 719 N.W.2d 644, 650-

5    52 (Minn. 2006) (holding that "a defendant must expressly,

6    knowingly, voluntarily, and intelligently waive his right to a

7    jury determination of facts supporting an upward sentencing

8    departure before his statements at his guilty-plea hearing may be

9    used to enhance his sentence").

10        Under the deferential standard of 28 U.S.C. § 2254(d), the

11   petition for a writ of habeas corpus cannot be granted unless the

12   Superior Court's decision was "contrary to, or involved an

13   unreasonable application of, clearly established Federal law, as

14   determined by the Supreme Court of the United States[.]"

15   Neither the Supreme Court nor the Ninth Circuit has directly

16   addressed the issue posed here: whether the "admissions"

17   exception to Apprendi encompasses statements made by the

18   defendant at a sentencing hearing, unaccompanied by a waiver of

19   Sixth Amendment rights.  Nevertheless, the framework discussed

20   above has been "clearly established" by Apprendi, Blakely, and

21   Cunningham.  The Superior Court's determination that Petitioner's

22   statements at the sentencing hearing constituted "admissions" for

23   purposes of Apprendi was an unreasonable application of that

24   doctrine.  Other than the exception for prior convictions

25   discussed above, the Supreme Court has never determined that a

26   statement, unaccompanied by a waiver of the right to a jury

27   trial, constitutes an "admission" under Apprendi.  The Superior

28   Court's de-coupling of "admissions" and "waiver" was unreasonable

11

1   in light of <u>Apprendi</u> and its progeny.

2       D.   <u>Harmless Error Analysis</u>

3       Having determined that constitutional error existed in this

4   case, the only remaining question is whether that error was

5   harmless.  <u>See</u> <u>Washington v. Recuenco</u>, 548 U.S. 212 (2006)

6   (holding that sentencing errors are subject to harmless error

7   analysis).  The Ninth Circuit has determined that, on collateral

8   review, the proper inquiry is "whether the relevant error had a

9   substantial and injurious effect on [Petitioner's] sentence."

10  <u>Butler v. Curry</u>, 528 F.3d 624, 648 (9th Cir. 2008) (applying

11  <u>Brecht v. Abrahamson</u>, 507 U.S. 619 (1993)).  Under that standard,

12  relief must be granted if the Court has "grave doubt" as to

13  whether a jury would have found the relevant aggravating factors

14  beyond a reasonable doubt. <u>O'Neal v. McAninch</u>, 513 U.S. 432, 436

15  (1995).

16      Here, the harmless error analysis is complicated by the fact

17  that the sentencing judge relied on non-enumerated aggravating

18  factors in sentencing Petitioner to the upper term under CPC

19  section 12022.5(a).  Thus, it is insufficient to merely determine

20  whether there is grave doubt that a jury would have found, beyond

21  a reasonable doubt, that Petitioner fired multiple shots or had

22  prior peace officer training.  Rather, the very issue of whether

23  these facts constitute "aggravating factors" under CRC Rule 4.421

24  is also in question.  Even assuming that a jury would have found,

25  beyond a reasonable doubt, that Petitioner fired multiple shots

26  or had prior peace officer training, attempting to divine whether

27  this hypothetical jury would have concluded that those facts were

28  "aggravating factors" would be an exercise in wild speculation.

1   The evidence presented at the sentencing hearing suggests that

2   Petitioner's prior training and firing of multiple shots might

3   well have been considered mitigating factors.  Furthermore, as

4   noted above, Petitioner's admissions at sentencing cannot be

5   considered in the harmless error analysis.  <u>Butler</u>, 528 F.3d at

6   648.  Accordingly, there remains "grave doubt" that a jury would

7   have found, beyond a reasonable doubt, factors that it considered

8   "aggravating" under CRC Rule 4.421.  Therefore, the error was not

9   harmless.

10

11                      III.   ORDER

12        For the reasons set forth above, the Court GRANTS

13   Petitioner's application for a writ of habeas corpus.

14   Accordingly, the case is remanded to Tehama County Superior Court

15   for resentencing.  <u>Chioino v. Kernan</u>, 581 F.3d 1182, 1186 (9th

16   Cir. 2009) (holding that the proper remedy after granting a

17   habeas petition for a <u>Cunningham</u> violation is to remand for

18   resentencing).

19        IT IS SO ORDERED.

20   Dated: November 27, 2013

21                            _____
                              JOHN A. MENDEZ,
                              UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28