UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL ROBERT COFFIN,

    Petitioner,

  v.

MATTHEW CATE,

    Respondent.

No.  2:10-cv-00026-JAM EFB P

**ORDER GRANTING PETITIONER'S APPLICATION FOR WRIT OF HABEAS CORPUS**

This matter is before the Court on Petitioner Michael Robert Coffin's ("Petitioner") Objections (Doc #52) to the Magistrate Judge's Findings and Recommendations (Doc. #51).

    I.   FACTUAL AND PROCEDURAL BACKGROUND

The Court adopts the Magistrate Judge's thorough summary of the factual and procedural background of this case, found in Part I ("Background") and Part II.B.1 ("Petitioner's Claim – Background") of the findings and recommendations.  Nevertheless, for ease of reference, a brief review of the relevant history is included here.

///

1

On October 13, 2005, in Tehama County Superior Court, Petitioner entered a plea of "no contest" to voluntary manslaughter, in violation of California Penal Code ("CPC") section 192, and admitted to personally using a firearm to commit the offense, within the meaning of CPC section 12022.5(a). A sentencing hearing was held on November 29-30, 2005. At this hearing, Petitioner acknowledged that he had "taken police academy training," which included instruction on the "use of force." Sentencing Hearing Transcript ("SHT") (Doc. #3.1) at 414, 420. He also acknowledged that he had fired multiple shots during the commission of the offense. Id. at 455.

CPC section 12022.5(a) provides that "any person who personally uses a firearm in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for 3, 4, or 10 years, unless use of a firearm is an element of that offense." At the time of Petitioner's sentence in 2005, CPC § 1170.1(d) provided that the court should impose "the middle term unless there are circumstances in aggravation or mitigation, and state the reasons for its sentence choice, other than the middle term, on the record at the time of sentencing." Implementing these two provisions, Rule 4.421 of the California Rules of Court ("CRC") contained a list of specific aggravating factors that could support an upper term sentence. That list did not contain "prior police training" or "firing multiple shots." However, CRC Rule 3.308 clarified that this list was non-exclusive. Therefore, a sentencing judge could impose the upper term based on factors not listed in Rule 4.421, as long as those factors were relevant,

2

1  reasonable, and stated on the record.  CRC Rule 4.420(b) provided
2  that aggravating circumstances "must be established by a
3  preponderance of the evidence."
4      Petitioner was sentenced to a total term of 16 years in
5  state prison, including the upper term of 10 years, under CPC
6  section 12022.5(a), for the use of a firearm.  The sentencing
7  judge noted that he was imposing the upper term under section
8  12022.5(a) based on the facts that Petitioner (1) had prior peace
9  officer training and (2) had fired multiple shots at the victim.
10     After being sentenced to the upper term under CPC section
11 12022.5(a), Petitioner appealed his conviction in the California
12 Court of Appeal and lost.  The California Supreme Court
13 subsequently denied his petition for review.
14     On January 22, 2007, the United States Supreme Court held
15 that CPC section 12022.5(a) violated a defendant's right to a
16 jury trial to the extent it permitted a trial court to impose an
17 upper term based on facts found by the court rather than by a
18 jury.  Cunningham v. California, 549 U.S. 270 (2007).  Petitioner
19 subsequently raised a challenge to his sentence based on the
20 Cunningham decision in a petition for a writ of habeas corpus in
21 Tehama County Superior Court.  On April 28, 2008, a hearing was
22 held in Superior Court on that petition.  The Superior Court
23 denied the habeas petition, reasoning that the Defendant
24 admitted, at the sentencing hearing, to firing multiple shots and
25 "the Court was justified in using those admissions to aggravate
26 the sentence on the enhancement."  Hearing on Petition for Writ
27 of Habeas Corpus (Doc #3.1) at 228.  Petitioner's subsequent
28 habeas petitions in the California Court of Appeal and California

3

Supreme Court were summarily denied. Accordingly, the Superior Court's decision is the last "reasoned" opinion and is reviewed by this court under 28 U.S.C. § 2254(d).

On January 5, 2010, Petitioner filed a petition for a writ of habeas corpus in this Court. The matter was referred to United States Magistrate Judge Brennan pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On July 1, 2013, the Magistrate Judge filed his findings and recommendations. Petitioner filed objections to the findings and recommendations.

In accordance with 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the Court has conducted a de novo review of this case. As noted above, the Court adopts Part I ("Background"), and Part II.B.1 ("Petitioner's Claim – Background") of the findings and recommendations. However, the Court does not adopt Part II.A ("Standards for a Writ of Habeas Corpus"), Part II.B.2 ("Petitioner's Claim – Applicable Legal Standards"), or Part II.B.3 ("Petitioner's Claim – Analysis") and, instead, issues the following decision granting Petitioner's application for writ of habeas corpus.

## II.   OPINION

### A.   Legal Standard

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

4

>   (1)  Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>   (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established law" consists of holdings of the United States Supreme Court at the time of the state court decision. Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. Price v. Vincent, 538 U.S. 634, 640 (2003).

Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Locker v. Andrade, 538 U.S. 63, 75 (2003); Williams, 529 U.S. at 413. In this regard, a federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 412. Accordingly, "[a]s a condition for obtaining

5

habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter 562 U.S.___,___, 131 S.Ct. 770, 786-87 (2011).

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley, 633 F.3d at 859. If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008).

B. Applicable Law

In Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), the United States Supreme Court held that the Due Process Clause of the Fourteenth Amendment requires any fact other than a prior conviction that "increases the penalty for a crime beyond the prescribed statutory maximum" to be "submitted to a jury and proved beyond a reasonable doubt." In Blakely v. Washington, 542 U.S. 296, 303-04 (2004), the Supreme Court held that a defendant is entitled to have a jury determine beyond a reasonable doubt any fact that increases the statutory maximum sentence, unless the fact was "admitted by the defendant" or was based on a prior conviction. The Blakely Court noted that "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he

may impose *without* any additional findings." Id.  The Supreme Court has further clarified that the "'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."  United States v. Booker, 543 U.S. 220, 232 (2005).

In 2007, the United States Supreme Court held that CPC section 12022.5(a) – known as the Determinate Sentencing Law ("DSL") - violated a defendant's right to a jury trial to the extent it permitted a trial court to impose an upper term based on facts found by the court rather than by a jury.  Cunningham v. California, 549 U.S. 270 (2007).  The Cunningham Court also determined that the middle term under the DSL is the maximum term that may be imposed on the basis of the jury's verdict alone.  Id. at 288.  The Ninth Circuit has subsequently held that Cunningham may be applied retroactively on collateral review.  Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008).

   C.   Discussion

Petitioner argues that his sentence violated Apprendi, Blakely, and Cunningham.  The findings and recommendations note that "an exception to the Apprendi rule exists for facts that are admitted by the defendant."  Findings and Recommendations at 14. The Magistrate Judge concludes that Petitioner's sentence was properly imposed because the sentencing judge cited aggravating circumstances (that he had received prior peace officer training and that he fired multiple shots) which were "admitted" by Petitioner at the sentencing hearing.  Id. at 14-16.  This is the same reasoning found in the Tehama County Superior Court's denial

of Petitioner's habeas petition – the operative decision for purposes of the Court's review under § 2254(d).  Findings and Recommendations at 6-7.  Petitioner objects that this "construes the Apprendi exception for admissions made by the defendant far too broadly" because "the type of 'admissions' that excuse the prosecution from proving a fact that supports an increased sentence beyond a reasonable doubt to a jury are those 'admissions' that are accompanied by a valid jury trial waiver." Objections at 8.

The Supreme Court, through Apprendi and its progeny, has established a "dual-pathway" framework for constitutionally imposing sentences.  Under Apprendi, a sentence may be imposed on a criminal defendant in one of two ways: either (1) a jury finds the defendant guilty, beyond a reasonable doubt, of facts sufficient to impose the sentence or (2) the defendant waives his right to a jury trial and admits facts sufficient to impose that sentence (i.e. in a guilty plea).  Blakely v. Washington, 542 U.S. 296, 303-304 (2004).  Under this doctrine, the admission of facts by the defendant is inextricably linked to his waiver of Sixth Amendment rights.  The strongest indication of this pairing between "admissions" and "waiver" appears in Blakely: "When a defendant pleads guilty, the State is free to seek judicial sentence enhancements *so long as* the defendant either stipulates to the relevant facts or consents to judicial factfinding.  *If appropriate waivers are procured*, States may continue to offer judicial factfinding as a matter of course to all defendants who plead guilty."  Blakely, 542 U.S. at 310 (2004) (emphasis added). Thus, the waiver of a defendant's right to a jury trial is

crucial to the constitutionality of any "judicial sentence enhancement." In the present case, a judicialسentence enhancement was imposed, under CPC section 12022.5(a), but no "appropriate waiver" was obtained at the sentencing hearing. Thus, any facts "admitted" by the Defendant at the sentencing hearing fall outside the "dual-pathway" framework established by Apprendi.

There are further indications of this "dual-pathway" approach in the Supreme Court's description of CPC section 12022.5(a) in Cunningham v. California: "Under California's DSL, an upper term sentence may be imposed only when the trial judge finds an aggravating circumstance. An element of the charged offense, essential to a jury's determination of guilt, or admitted in the defendant's guilty plea, does not qualify as such a circumstance." Cunningham v. California, 549 U.S. 270, 287 (2007). Here, the Supreme Court's conception of the constitutional equivalency between (1) the "jury's determination of guilt" and (2) the "admi[ssions] in the defendant's guilty plea" is most stark. Id. Conversely, informal admissions at sentencing – unaccompanied by a waiver of the right to a jury trial – are fundamentally different than a jury's factual findings.

Moreover, Apprendi's discussion of the sole exception to this "dual-pathway" framework only strengthens the position that "admissions" under Apprendi must be coupled with an appropriate waiver. In Apprendi, the Court discussed its holding in Almendarez-Torres v. United States, 523 U.S. 224 (1998) that the "fact" of a prior conviction may be used to increase a

1    defendant's maximum sentence, even if it is not charged in the
2    indictment or submitted to the jury.  <u>Apprendi</u>, 530 U.S. at 487-
3    90.  The <u>Apprendi</u> Court acknowledged that this is an "exceptional
4    departure from the historic practice" that a defendant's maximum
5    sentence must be based on facts found by the jury or admitted in
6    a guilty plea.  <u>Id.</u> at 487.  The <u>Apprendi</u> Court went on to note
7    that "the certainty that procedural safeguards attach[ ] to any
8    'fact' of prior conviction . . . mitigate[s] the due process and
9    Sixth Amendment concerns[.]"  <u>Id.</u>, at 488.  Thus, the "fact" of a
10   prior conviction remains paired with the protections of the Sixth
11   Amendment.
12        The Ninth Circuit has determined that, in conducting
13   harmless error review of an <u>Apprendi</u> violation, courts may "not
14   consider new admissions made at sentencing" by the defendant.
15   <u>Butler v. Curry</u>, 528 F.3d 624, 648 (9th Cir. 2008) (citing <u>United</u>
16   <u>States v. Nordby</u>, 225 F.3d 1053, 1061 n. 6 (9th Cir.2000),
17   <u>overruled on other grounds by</u> United States v. Buckland, 289 F.3d
18   558, 568 (9th Cir.2002) (en banc)).  If a defendant's admissions
19   at sentencing cannot be considered in determining whether an
20   <u>Apprendi</u> violation was harmless error, it would be decidedly
21   incongruous to use those same admissions to deny the existence of
22   the <u>Apprendi</u> violation itself.
23        Furthermore, although state court decisions have little
24   persuasive value in this case, they are instructive and the Court
25   notes that a number of state supreme courts have determined that
26   "admissions" under <u>Apprendi</u> must be accompanied by a jury trial
27   waiver.  <u>See</u>, <u>e.g.</u>, <u>People v. Isaacks</u>, 133 P.3d 1190, 1192 (Colo.
28   2006) (holding that "a sentencing court may not use a defendant's

10

admission to sentence him in the aggravated range unless the defendant knowingly, voluntarily, and intelligently waives his Sixth Amendment right to have a jury find the facts that support the aggravated sentence"); State v. Dettman, 719 N.W.2d 644, 650-52 (Minn. 2006) (holding that "a defendant must expressly, knowingly, voluntarily, and intelligently waive his right to a jury determination of facts supporting an upward sentencing departure before his statements at his guilty-plea hearing may be used to enhance his sentence").

Under the deferential standard of 28 U.S.C. § 2254(d), the petition for a writ of habeas corpus cannot be granted unless the Superior Court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" Neither the Supreme Court nor the Ninth Circuit has directly addressed the issue posed here: whether the "admissions" exception to Apprendi encompasses statements made by the defendant at a sentencing hearing, unaccompanied by a waiver of Sixth Amendment rights. Nevertheless, the framework discussed above has been "clearly established" by Apprendi, Blakely, and Cunningham. The Superior Court's determination that Petitioner's statements at the sentencing hearing constituted "admissions" for purposes of Apprendi was an unreasonable application of that doctrine. Other than the exception for prior convictions discussed above, the Supreme Court has never determined that a statement, unaccompanied by a waiver of the right to a jury trial, constitutes an "admission" under Apprendi. The Superior Court's de-coupling of "admissions" and "waiver" was unreasonable

in light of Apprendi and its progeny.

### D. Harmless Error Analysis

Having determined that constitutional error existed in this case, the only remaining question is whether that error was harmless. See Washington v. Recuenco, 548 U.S. 212 (2006) (holding that sentencing errors are subject to harmless error analysis). The Ninth Circuit has determined that, on collateral review, the proper inquiry is "whether the relevant error had a substantial and injurious effect on [Petitioner's] sentence." Butler v. Curry, 528 F.3d 624, 648 (9th Cir. 2008) (applying Brecht v. Abrahamson, 507 U.S. 619 (1993)). Under that standard, relief must be granted if the Court has "grave doubt" as to whether a jury would have found the relevant aggravating factors beyond a reasonable doubt. O'Neal v. McAninch, 513 U.S. 432, 436 (1995).

Here, the harmless error analysis is complicated by the fact that the sentencing judge relied on non-enumerated aggravating factors in sentencing Petitioner to the upper term under CPC section 12022.5(a). Thus, it is insufficient to merely determine whether there is grave doubt that a jury would have found, beyond a reasonable doubt, that Petitioner fired multiple shots or had prior peace officer training. Rather, the very issue of whether these facts constitute "aggravating factors" under CRC Rule 4.421 is also in question. Even assuming that a jury would have found, beyond a reasonable doubt, that Petitioner fired multiple shots or had prior peace officer training, attempting to divine whether this hypothetical jury would have concluded that those facts were "aggravating factors" would be an exercise in wild speculation.

12

The evidence presented at the sentencing hearing suggests that Petitioner's prior training and firing of multiple shots might well have been considered mitigating factors. Furthermore, as noted above, Petitioner's admissions at sentencing cannot be considered in the harmless error analysis. Butler, 528 F.3d at 648. Accordingly, there remains "grave doubt" that a jury would have found, beyond a reasonable doubt, factors that it considered "aggravating" under CRC Rule 4.421. Therefore, the error was not harmless.

## III. ORDER

For the reasons set forth above, the Court GRANTS Petitioner's application for a writ of habeas corpus. Accordingly, the case is remanded to Tehama County Superior Court for resentencing. Chioino v. Kernan, 581 F.3d 1182, 1186 (9th Cir. 2009) (holding that the proper remedy after granting a habeas petition for a Cunningham violation is to remand for resentencing).

IT IS SO ORDERED.

Dated: November 27, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

The evidence presented at the sentencing hearing suggests that Petitioner's prior training and firing of multiple shots might well have been considered mitigating factors. Furthermore, as noted above, Petitioner's admissions at sentencing cannot be considered in the harmless error analysis. Butler, 528 F.3d at 648. Accordingly, there remains "grave doubt" that a jury would have found, beyond a reasonable doubt, factors that it considered "aggravating" under CRC Rule 4.421. Therefore, the error was not harmless.

## III. ORDER

For the reasons set forth above, the Court GRANTS Petitioner's application for a writ of habeas corpus. Accordingly, the case is remanded to Tehama County Superior Court for resentencing. Chioino v. Kernan, 581 F.3d 1182, 1186 (9th Cir. 2009) (holding that the proper remedy after granting a habeas petition for a Cunningham violation is to remand for resentencing).

IT IS SO ORDERED.

Dated: November 27, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE